PHILIP R. SELLINGER
United States Attorney
FRANCES C. BAJADA
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTEFANIA BERMUDEZ,<br><br>    *Plaintiff,*<br><br>    v.<br><br>ZUFALL COMMUNITY HEALTH CENTER, THERESA THOMAS, M.D., ST. CLARE'S DOVER HOSPITAL, ST. CLARE'S DENVILLE HOSPITAL and John and Jane Does1-10, JOHN AND JANE DOES 1-10 RN's and ABC Corporations 1-10 (fictitious names),<br><br>    *Defendants.* | CIVIL ACTION NO.<br><br>NOTICE OF REMOVAL |

TO:    Clerk
          Morris County Superior Court
          56 Washington Street
          Morristown, New Jersey 07960

          Marc D. Serra, Esq.
          Law Office of Marc D. Serra
          180 Walnut Street
          Montclair, New Jersey 07042

          Justin F. Johnson, Esq.
          Marshall Dennehey
          425 Eagle Rock Avenue
          Suite 302
          Roseland, New Jersey 07068

          **PLEASE TAKE NOTICE** that this case, previously pending in the New

Jersey Superior Court, Morris County, Docket No. MRS-L-1881-21, is now removed to the United States District Court for the District of New Jersey, pursuant to 42 U.S.C. § 233(c). The United States of America is substituted for the removing Defendants Zufall Health Center, Inc. and Dr. Theresa Thomas, M.D. (collectively, the "Removing Defendants") under 42 U.S.C. § 233(c) and (g), with respect to all of the claims set forth against them in the First Amended Complaint. The United States of America, by and through its undersigned attorneys, respectfully states the following in support of the removal of this matter:

1. On September 3, 2021, Plaintiff initiated this action in New Jersey Superior Court, Morris County. *See* **Exhibit A** (State Court Docket). Plaintiff did not effect service of process of the Summons and Complaint upon the United States of America in the manner specified in and required under Federal Rule of Civil Procedure 4(i).

2. On December 2, 2021, Plaintiff filed a First Amended Complaint in New Jersey Superior Court, Morris County. *See* State Court Docket. On December 8, 2021, Plaintiff served the Summons and First Amended Complaint upon the United States Attorney's Office.

3. In the State Court Action, Plaintiff seeks damages from the Removing Defendants for personal injuries allegedly sustained as the direct and proximate result of the Removing Defendants' alleged negligence, *i.e.*, medical malpractice. *See* **Exhibit B** (First Amended Complaint).

4. On February 25, 2022, the State Court entered default against the

Removing Defendants. *See* State Court Docket.

5. By Certification dated March 11, 2022, the United States Department of Health and Human Services determined that the Removing Defendants have been covered by the Federal Tort Claims Act ("FTCA") since January 1, 2018, for purposes of this action. *See* **Exhibit C** (Certification of Erica Gibson dated March 11, 2022) ¶ 5, with Exhibit). At all times relevant to the First Amended Complaint, the Removing Defendants have been deemed employees under 42 U.S.C. § 233(g). *See* Certification of Erica Gibson dated March 11, 2022, ¶ 5.

6. Sections 233(a) and (g) of Title 42 of the United States Code, as amended by the Federally Supported Health Centers Assistance Act of 1995 (Public Law 104-73), provides that the FTCA is the exclusive remedy for tort claims against the United States.

7. This action is deemed to be an action against the United States under 42 U.S.C. § 233(c), because the Removing Defendants were acting within the scope of employment as employees of the United States at the time of the conduct alleged in the First Amended Complaint. *See* **Exhibit D** (Certification of J. Andrew Ruymann dated April 5, 2022).

8. The United States District Courts have exclusive jurisdiction over tort actions filed against the United States under the FTCA. 28 U.S.C. § 1346(b).

9. Removal of this action to the United States District Court is timely because under section 233(c), the action can be removed from State Court to the District Court any time before trial. *See, e.g., Estrella v. Yahav*, No. 15-CV-4286, 2016

WL 1230555, at *4 (D.N.J. Mar. 29, 2016). Upon information and belief, a trial has not been scheduled in the State Action. *See* State Court Docket.

10. This Notice of Removal will be filed with the Clerk of the New Jersey Superior Court, Law Division, Morris County, and will be served on all parties in accordance with 28 U.S.C. § 1446(d). *See* **Exhibit E** (Letter to Clerk of New Jersey Superior Court).

11. The United States of America is substituted as defendant in place of the Removing Defendants. *See* 42 U.S.C. § 233(c) and (g).

Dated: Newark, New Jersey
April 5, 2022

                PHILIP R. SELLINGER
                United States Attorney

By:   *s/Frances C. Bajada*
      FRANCES C. BAJADA
      Assistant United States Attorney