# EXHIBIT B

Marc D. Serra, Esq.
180 Walnut Street
Montclair, NJ 07042
(973) 509-8487
Attorney ID # 006691997
P: (862) 202-5370

| | |
|---|---|
| ESTEFANIA BERMUDEZ,<br><br>               Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, ZHC Dover Medical, THERESA THOMAS, M.D., ST. CLARE'S DOVER HOSPITAL, ST. CLARE'S DENVILLE HOSPITAL and John and Jane Does 1-10, JOHN AND JANE DOES 1-10 RN's and ABC Corporations 1-10 (fictitious names),<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CIVIL PART<br>MORRIS COUNTY<br><br>DOCKET NO.: MRS-L-1881-21<br><br>CIVIL ACTION<br><br>FIRST AMENDED COMPLAINT |

Plaintiff, by and through her counsel, Marc Serra, Esq. brings the following action against Defendants, United States of America, ZHC Dover Medical, Theresa Thomas, M.D., St. Clare's Dover Hospital, St Clare's Denville Hospital, and alleges as follows:

### THE PARTIES

1. Plaintiff, Estefania Bermudez is an adult female residing at 263 South Main Street, Boro of Wharton, County of Morris, State of New Jersey.

2. At all times relevant to this cause of action, Defendant, United States of America, ZHC Dover Medical was/is a Federally Supported Health Care Center with its principal place of business at 18 West Blackwell Street, Town of Dover, County of Morris, State of New Jersey.

3. At all times relevant to this cause of action, Defendant, Theresa Thomas, M.D. was a medical doctor duly licensed to practice medicine under the laws of the State of New Jersey who participated in the care and treatment of the Plaintiff at 18 West Blackwell Street, Town of Dover, County of Morris, State of New Jersey.

4. At all times relevant to this cause of action, Defendant, St. Clare's Dover Hospital was a business entity organized and existing under the laws of the State of New Jersey, with its principal place of business at 400 West Blackwell Street, Town of Dover, County of Morris, State of New Jersey.

5. At all times relevant to this cause of action, Defendant, St. Clare's Denville Hospital was a business entity organized and existing under the laws of the State of New Jersey, with its principal place of business at 25 Pocono Road, Township of Denville, State of New Jersey.

6. At all times relevant to this cause of action, John and Jane Does 1-10 (fictitious names) were medical doctors duly licensed to practice medicine under the laws of the State of New Jersey who participated in the care and treatment of the Plaintiff.

7. At all times relevant to this cause of action, John and Jane Does 1-10, RN's (fictitious names) were nurses and/or other health care professionals and/or workers who participated in the care and treatment of the Plaintiff including the interpretation, performance, reading, recommendation, follow-up or scheduling of imaging studies and the care, diagnosis and/or treatment of the Plaintiff for medical conditions.

8. At all times relevant to this cause of action, ABC Corporations 1-10 (fictitious names) were business entities that are otherwise responsible for the damages of Plaintiff, and/or

are groups or companies of which John Does 1-10, John Does 1-10, RN's or any Defendant was an agent, servant and/or employee.

### FIRST COUNT

9. Plaintiff hereby repeats and realleges all of the allegations in the preceding paragraphs with the same force and effect as if they were set forth at length.

10. At all times relevant to this cause of action, Defendant, Theresa Thomas, M.D., Defendants, John Doe and Jane Does 1-10 were medical doctors duly licensed to practice medicine under the laws of the State of New Jersey and, as such, said Defendants professed and held themselves out to the public and, in particular, to the Plaintiff as being skilled, careful and diligent in the practice of their profession.

11. At all times relevant to this cause of action, Defendants John and Jane Does 1-10, RN's were nurses and or aides at United States of America, ZHC Dover Medical, St. Clare's Dover Hospital, St. Clare's Denville Hospital and/or were agents, servants or employees of ABC Corporations 1-10 who undertook to diagnose, treat and otherwise care for the Plaintiff.

12. During the course of treating the Plaintiff beginning on approximately January 22, 2018 and continuing through December 6, 2019, the Defendants negligently and carelessly failed to exercise ordinary care, failed to exercise that degree of skill, diligence and care commonly exercised by other doctors and/or nurses and/or aides in like circumstances giving due regard to the existing state of knowledge in medicine, failed to properly and timely diagnose the Plaintiff's condition, failed to properly treat the Plaintiff, failed to properly order the necessary diagnostic tests, imaging studies and the like, failed to apprise the Plaintiff of the risks and options available to her and otherwise failed to act as

prudent, skillful and careful medical doctors in connection with the services provided to Plaintiff.

13. The Defendants owed Plaintiff a duty of care which was breached, all to her substantial detriment, loss and harm.

14. The Defendants owed a duty to the Plaintiff to provide medical care and treatment in a safe manner and in accordance with good and acceptable medical standards and breached said duty of care by numerous acts and/or omissions including but not limited to failure to assess, treat and diagnose the Plaintiff, failure to order the proper tests including diagnostic and imaging, and in failing to properly hire, train, supervise, retain and oversee employees, servants and agents.

15. As a direct and proximate result of the negligence and professional malpractice of the Defendants, as aforesaid, the Plaintiff sustained great pain and suffering of the mind and body of both a temporary and permanent nature, has and did sustain permanent bodily injuries, has incurred and will incur in the future, medical expenses and has and will be unable to attend to her ordinary routine, education and personal affairs and was otherwise damaged.

16. Upon information and belief, Defendants, United States of America, ZHC Dover Medical, St Clare's Dover Hospital and St. Clare's Denville Hospital are not state hospitals and are not entitled to tort claims or other immunity from liability.

17. Defendants, United States of America, ZHC Dover Medical, St. Clare's Dover Hospital, St. Clare's Denville Hospital and ABC Corporations 1-10 are separately liable for the negligence of Defendant doctors, Theresa Thomas, M.D. and John and Jane Does 1-10 in addition to the negligence of John and Jane Does 1-10, RN's.

WHEREFORE, Plaintiff, Estefania Bermudez demands judgment against Defendants, United States of America, ZHC Dover Medical, Theresa Thomas, M.D., St. Clare's Dover Hospital, St Clare's Denville, Hospital, John Does and Jane Does 1-10 and John Does and Jane Does 1-10, RN's together with interest and costs of suit.

DATED: 11/15/21

MARC SERRA, ESQ.
Attorney For Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of six.

DATED: 11/15/21

MARC SERRA, ESQ.
Attorney For Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Marc Serra, Esq. as Trial Counsel pursuant to R. 4:25-4.

By: MARC SERRA, ESQ.

DATE: 11/15/21

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(ii), Plaintiff hereby demands fully responsive answers to Uniform Interrogatories Form C and Form C(3) appearing in Appendix II to the Rules of Court from Defendant, Theresa Thomas, M.D., Form C from Defendants United States of America, ZHC Dover Medical, St. Clare's Dover Hospital, St Clare's Denville Hospital, and any other Interrogatories or Document Production to be served by Plaintiff within the time prescribed by Court Rules.

## DEMAND FOR RECORDS

Plaintiff demands Defendants, Theresa Thomas, M.D., United States of America, ZHC Dover Medical, St Clare's Dover Hospital and St. Clare's Denville Hospital supply complete copies of all records for Estefania Bermudez within thirty (30) days.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10(b), demand is hereby made that Defendants, Theresa Thomas, M.D., United States of America, ZHC Dover Medical, St Clare's Dover Hospital and St. Clare's Denville Hospital disclose to Plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide Plaintiff's attorney with true copies of such insurance agreements or policies including, but not limited to, any and all

declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any excess, catastrophe and umbrella policies.

### NOTICE PURSUNT TO RULES 1:5-1(a) AND 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorney does hereby demand, pursuant to the above cited Rules of Court, that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories, and all documents, papers and other materials referred to therein, received from any party, upon the undersigned attorney, and TAKE NOTICE that this is a CONTINUING demand.

### CERTIFICATION OF COUNSEL

Pursuant to R. 4:5-1 the undersigned hereby certifies that at the time of filing this Complaint, the matter in controversy is not subject of any other action pending in any Court and/or Arbitration proceeding.

By: _____
MARC SERRA, ESQ.

DATE: 11/15/21